IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RONALD FRANK BORREGO, SR., | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:09-CV-429-MHW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| PHILLIP VALDEZ, | ) | |
| | ) | |
| Respondent. | ) | |

Pending before the Court is Respondent's Motion for Summary Dismissal. (Docket No. 13.) All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Docket Nos. 4, 10 & 11.) Petitioner's time for response has expired without him having filed a response. Nevertheless, because Petitioner is a pro se prisoner, the Court has considered the entire record to determine whether summary dismissal is warranted on the grounds set forth by Respondent. Accordingly, the Court enters the following Order.

### RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

A. **Standard of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the

**MEMORANDUM DECISION AND ORDER 1**

district court." In such case, the Court construes the facts in a light most favorable to the petitioner. Summary dismissal of a habeas petition on statute of limitations grounds is permissible so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond. *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001) (sua sponte dismissal).

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year statute of limitations for federal habeas corpus actions. *See* 28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed on July 21, 2004, after AEDPA's enactment date, it is subject to the one-year statute of limitations.

To calculate the statute of limitations deadline, a petitioner must determine when his state court judgment became final. His federal petition is due within one year of "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

If a direct appeal was filed, the one-year statute of limitation begins to run on the expiration of the 90-day period "within which [a petitioner] could have filed a petition for a writ of certiorari from the United States Supreme Court" following direct appeal, whether or not one was filed. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir.1999).

AEDPA also contains a tolling provision that stops the one-year limitation period from running during the time in "which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim

**MEMORANDUM DECISION AND ORDER 2**

is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. § 2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation marks omitted).

**B.     Facts**

Petitioner was convicted by jury of felony eluding an officer and various misdemeanor crimes. He was sentenced to three fixed years of incarceration on the felony. He was also convicted of being a persistent violator, for which he was sentenced to five indeterminate years. His order of conviction and judgment were entered in the Fourth Judicial District Court, in Idaho City, Boise County, Idaho, on July 13, 2004. (State's Lodging A-2, pp. 315-18.) An amended judgment was entered on May 20, 2005, "nunc pro tunc to July 9, 2004." (Exhibit to State's Lodging B-1.)

Petitioner's convictions and sentences were affirmed by the Idaho Court of Appeals on March 27, 2006. Petitioner's petition for review was denied by the Idaho Supreme Court, and the remittitur was issued on June 21, 2006. (State's Lodgings B-1 to B-12.)

Petitioner filed his federal Petition for Writ of Habeas Corpus in federal court on August 12, 2009 (mailbox rule).

**MEMORANDUM DECISION AND ORDER  3**

C.  Discussion

Petitioner's federal statute of limitations in this case began running 90 days after his petition for review was denied and remittitur was issued by the Idaho Supreme Court on direct appeal (June 21, 2006 + 90 days = September 19, 2006). Petitioner's federal statute ran from September 19, 2006, to September 19, 2007, when it expired, because no state court action challenging the same convictions and sentences was filed during that time period. Petitioner's federal Petition, filed on August 12, 2009, was nearly two years too late.

It does not appear from the record that any facts exist that would establish extraordinary circumstances. As a result, the Court will conditionally grant Respondent's Motion for Summary Dismissal on statute of limitations grounds in this case, but will permit Petitioner to file a response addressing timeliness or equitable tolling[1] no later than August 13, 2010. If Petitioner fails to file anything further in this action by that date, the Court shall enter a final order and judgment dismissing Petitioner's Petition with prejudice.

---

[1] If, after applying statutory tolling, a petitioner's petition is deemed untimely, a federal court can hear the claims only if the petitioner can establish that "equitable tolling" should be applied to toll the remaining time period. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 418. In order to qualify for equitable tolling a circumstance must have *caused* Petitioner to be unable to file his federal petition in time.

**MEMORANDUM DECISION AND ORDER 4**

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Docket No. 13) is CONDITIONALLY GRANTED.

2. Petitioner shall file a response addressing timeliness or equitable tolling as an exception to the statute of limitations, no later than **August 13, 2010**.

3. Respondent's Motion for Exemption from Redaction Requirements (Docket No. 14) is GRANTED.

DATED: July 7, 2010

Honorable Mikel H. Williams
Chief United States **Magistrate Judge**